103 F.3d 138
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Henry B. GARNIER, Jr., Petitioner-Appellant,
v.
Tana WOOD, Superintendent, Respondent-Appellee.
 No. 96-35497.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 2, 1996.*
Decided Dec. 06, 1996.
 
 Before: SNEED, TROTT, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Henry B. Garnier, a Washington state prisoner, appeals pro se the district court's denial without prejudice of his 28 U.S.C. § 2254 habeas corpus petition challenging his 1993 conviction and sentence for two counts of first degree assault. Garnier contends that the State of Washington lacked jurisdiction to arrest, try, convict and incarcerate him because he is a member of a federally-recognized Indian tribe and was charged with committing an offense against another Indian or Indians.
 
 
 3
 The district court properly denied the petition on the ground that Garnier failed to demonstrate that he had presented for resolution to the state courts the claim he brings in the instant petition. See Rose v. Lundy, 455 U.S. 509, 518-20 (1982).
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Garnier's "Motion to Submit Additional Citation" is denied. Because we affirm the denial of habeas relief under the former version of 28 U.S.C. § 2254, we do not consider whether the Antiterrorism and Effective Death Penalty Act of 1996 applies to this appeal